IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEYSIO SAEFONG,

       Plaintiff,                        No. CIV S-05-1986 CMK

       vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.                ORDER

                               /

Plaintiff, Feysio Seafong, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) and Local Rule 72-302. The parties have filed cross motions for summary judgment. As both parties have consented to magistrate jurisdiction, the motions are before the undersigned for decision.

I. Background

Plaintiff applied for SSI on April 13, 2000 based on back and knee problems, depression, dizziness and leg pain. (Tr. 57.) In her application, plaintiff claimed that her disability began on July 18, 1995. (Tr. 51.) Plaintiff immigrated to the United States from Thailand[1] in 1995. (Tr. 408.) She has never attended school. (Tr. 408.) In Loas, she worked at

---

[1] Plaintiff is originally from Laos, but lived in a camp in Thailand for ten years.

farming. (Tr. 408.) She has not worked in the United States. (Tr. 408.) Her disability claim was denied initially and upon reconsideration. (Tr. 37-40, 43-46.) Plaintiff requested a hearing before an Administrative Law Judge (ALJ). In a June 18, 2002 decision, the ALJ found that plaintiff was not disabled. (Tr. 16-17.)

Plaintiff filed a request for review of the June 18, 2002 decision in the district court. In a decision filed September 2, 2004, this court granted plaintiff's motion for remand and ordered her claim remanded for further administrative proceedings. (Tr. 302-321.) This court ordered "a finding of severe mental impairment and further consideration of plaintiff's combined impairments at each step of the sequential evaluation." (Tr. 320.)

On May 5, 2005, an ALJ held a hearing with plaintiff, her attorney, an interpreter, and her son present. (Tr. 403-424.) In a written decision, the ALJ made the following findings. He found that plaintiff had "severe major depression, NOS[2], post traumatic stress disorder, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, subpart P, Regulations No. 4." (Tr. 300.) The ALJ found that plaintiff's allegations concerning her "virtual complete inability" to function because of her impairments could not be credited because they were not supported by the objective evidence. (Tr. 300.) The ALJ noted that plaintiff was unable to communicate in English, had no relevant work experience, and was forty-four years old. (Tr. 300.) The ALJ determined that plaintiff had the residual functional capacity to perform the nonexertional requirements of work except for carrying and lifting ten pounds frequently and twenty pounds occasionally or performing more than simple, unskilled work. (Tr. 300.) Based on his findings, the ALJ concluded that plaintiff had the capacity to perform simple, unskilled light, work and was not disabled. (Tr. 300.)

The decision of the ALJ became final when the Appeals Council denied plaintiff's request for a review. The plaintiff filed a timely appeal in this court.

---

[2]In this context, "NOS" apparently means "not otherwise specified."

2

II. <u>Standard of Review</u>

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. See <u>Copeland v. Bowen</u>, 861 F.2d 536, 538 (9th Cir. 1988) (citing <u>Desrosiers v. Secretary of Health and Human Services</u>, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th Cir. 1996) (citing <u>Sorensen v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. See <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.    <u>Discussion</u>

In her motion for summary judgment, plaintiff argues that the ALJ erred by (1) failing to make adequate findings regarding whether plaintiff's condition met or equaled a listed impairment; (2) discrediting plaintiff's testimony regarding her limitations; (3) concluding that plaintiff can perform light, unskilled work; and (4) improperly resolving the conflict between the functional capacity assessments by plaintiff's treating psychiatrist and the psychological consultant.

///

A.      Listed Impairment

Plaintiff argues that the ALJ failed to make adequate findings to support his determination that plaintiff's severe mental impairments do not meet or equal the listing pertaining to mental impairments.[3]  Given the medical records presented, the court agrees.

In determining whether a claimant's impairment meets or is equal to a listed impairment, the ALJ must compare the symptoms, signs and laboratory findings of the claimant's impairment with the medical criteria shown with the listed impairment. 20 C.F.R. § 404.1526.  The ALJ's evaluation of whether plaintiff's mental impairment meets or equals a listing consists of a recitation of some of the medical evidence coupled with his finding that "although the claimant has a severe mental disorder, the claimant's mental impairments do not satisfy the requirements of any of the applicable mental listings.... Disability therefore has not been established on the basis of the medical evaluation alone." (Tr. 296, 297-298.)  The ALJ discussed the Butte County Department of Behavior Health's (Butte County Clinic) May 2000 intake evaluation in which plaintiff complained of increasing depression, anxiety, mumbling voices in her ears, and occasional suicidal thoughts. (Tr. 297.)  He noted that she was prescribed an anti-depressant and other psychotropic medications; that the dosage and schedule of her medications was titrated; and she appeared mentally improved. (Tr. 297.)  The ALJ considered psychological consultant Dr. Azevedo's findings of blunt affect, poor concentration, and significant cognitive impairment. (Tr. 297.)  The ALJ noted that records from the Butte County Clinic show that in 2002, 2003, and 2004, plaintiff continued to do better with medication and there were no clinical signs of abnormality. (Tr. 297-298.)

However, the medical evidence indicates far more than the ALJ's findings.  For example, the Butte County Clinic's May 2000 intake evaluation of plaintiff as "disheveled,

---

[3]20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04 states that the listing for affective disorders are met when a claimant satisfies the requirements in both A or C or the requirement in C.  Section 12.06 states that the listing for anxiety related disorders is satisfied when the requirements in both A and B or both A and C are satisfied.

4

downcast eyes frequently, flat affect." (Tr. 187.)  The medical evidence also reveals that adjusting plaintiff's medication failed to eliminate her "war trauma symptoms" and that plaintiff had additional mental status signs of anxious moods and impaired insight and judgment.  (Tr. 277-278.)  Although plaintiff's symptoms improved with medication in 2002, 2003 and 2004, she reported that she continued to have symptoms of depression, auditory hallucinations, and insomnia, and her diagnosis was Schizoaffective and PTSD disorders.  (Tr. 391-394.)  Further, the ALJ did not consider that in January 2001, a state agency non-examining consultant determined in a psychiatric review technique form that plaintiff had "mild to moderate" functional limitations in "Maintaining Social Functioning" and "Maintaining Concentration, Persistence or Pace."  (Tr. 203.)

In light of the medical evidence, the ALJ was required to make findings addressing whether plaintiff satisfied the criteria for  paragraphs A[4] and B criteria 20 C.F.R. Pt. 404 , Subpt. P, App. 1 §§ 12.04 and 12.06 for affective disorder and/or anxiety related disorder.  In other words, the ALJ was required to set forth an evaluation of the evidence sufficient for a reviewing court to determine how he arrived at the conclusion that plaintiff's mental impairments, characterized by the ALJ as "severe," did not meet the listing requirements.   The court finds that the ALJ did not provide an adequate basis for his equivalency evaluation as required by 20 C.F.R. § 404.1526(a), and, consequently, the ALJ erred in his analysis at step three. Under such circumstances, remand for further proceedings is appropriate. See Lewin v. Schwenker, 654 F.2d 631, 636 (9th Cir. 1981). ("If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded.")

///

///

---

[4]The court notes that the medical records reveal that plaintiff takes Depakote for mania and bi-polar disorder, which may support a finding that plaintiff meets the paragraph A criteria in at least § 12.04.

5

B.     Plaintiff's Credibility

Plaintiff next challenges the ALJ's determination that her complaints of limitation could not be credited. If the ALJ finds a claimant's testimony as to the severity of her pain and impairments unreliable, then the ALJ must make a specific credibility determination, with findings specific enough to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. See Thomas, 278 F.3d 947, 958-959 (9th Cir. 2002). In determining whether complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. See Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (en banc). If an ALJ's credibility determination is supported by substantial evidence in the record, the reviewing court may not engage in second guessing. See Thomas, 278 F.3d at 959.

The ALJ gave the following reasons for rejecting plaintiff's testimony of her inability to function due to mental impairment:

> Although earlier progress reports do indicate an apparently more severe level of mental impairment the records also demonstrate that her mental status markedly improved on her medication regimen (when she took it.) There is simply no reasonable support in the present record for the claimant's alleged inability to function because of her impaired mental (or physical) status.
> ....
> Indeed, the only apparent independent assessment of the record (i.e., Dr. Azevedo's report) concluded that the current test results were inconsistent with the claimant's reported history and that in any event she was no more than mildly to moderately impaired in her work-related capacity on the basis of her psychological disorders, major depressive disorder, NOS, and post traumatic stress disorder.

(Tr. 299.) The ALJ's reasons for discrediting plaintiff's testimony are therefore (1) minimal medical records; (2) improvement of mental impairments with medication; and (3) assessment of Joe M. Azevedo, Ph.D. The court first notes that the ALJ misconstrues Dr. Azevedo's assessment of plaintiff; Dr. Azevedo considered plaintiff's credibility and declined to conclude that plaintiff was exaggerating her symptoms. Dr. Azevedo noted plaintiff's "effort on the testing appeared to be minimal, although this remains unclear whether this reflected a lack of motivation, her lethargy, and/or her difficulty understanding the concepts." (Tr. 278.) He also

6

noted that the results of plaintiff's "simple nonstandardized finger proximity test" were "not indicative of malingering." (Tr. 280.) Next, plaintiff's documented improvement, while taking two significant medications (Zyprexa (an anti-psychotic) and Depakote (for mania and bipolar disorder)) supports the severity of her underlying mental disorder rather than failing to support it. Additionally, the ALJ failed to discuss any of the established credibility factors set forth in Social Security Rulings.[5] See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.

### C. Residual Functional Capacity

Plaintiff's final two arguments are discussed together. Plaintiff contends that there is not substantial evidence to support the ALJ's findings that she has the RFC to perform a full range of simple, unskilled, light work. She also argues that the ALJ improperly resolved the conflict between the RFC assessment of her treating psychiatrist, Dr. Michael Buckley, and the RFC assessment of psychological consultant Dr. Azevedo. The court considers the improper resolution of the conflict between the two RFC assessments first.

The weight given to physicians' opinions depends on whether the physician is a treating, examining, or non-examining physician. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). A contradicted opinion of a treating or examining physician may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 830-831. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection...of a treating physician. Id.

Here, the ALJ rejected Dr. Buckley's RFC assessment because Dr. Buckley's treatment notes from May 2, 2005, which report that plaintiff continued to do well on her

---

[5]These factors include, among other things,: (1) the individual's daily activities; (2) factors that precipitate and aggravate the symptoms, the type, dosage, effectiveness, and side effects of any medication the individual takes to alleviate symptoms; (3) treatment, other than medication, that the individual has received; (4) any factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. See SSR 96-7P.

1  medications with no significant clinical abnormalities, presents a different picture than the
2  medical source statement completed by him days later. (Tr. 298.)   The medical source statement
3  opined that plaintiff retained no useful function in her capacity to deal with work stresses,
4  maintain  concentration/attention, deal with the public, understand, remember and carry out even
5  simple job instructions, demonstrate reliability, relate predictably or behave in an emotionally
6  stable manner.  (Tr. 298.)

7              This reason for rejecting Dr. Buckely's RFC assessment is not supported by the
8  record.  For example contrary to the ALJ's finding that the May 4, 2005 RFC assessment was
9  starkly different from recent treatment notes, the treatment notes from May 2, 2005 reveal that
10 despite improvement and increased stability, plaintiff continued to have a diagnosis of
11 schizoaffective and post traumatic stress disorders. (Tr. 382, 381.)  Additionally, other treatment
12 notes support Dr. Buckley's RFC assessment; May 2004 notes reveal that plaintiff reported that
13 she had increased depression and inability to focus on daily activities (Tr. 389); November 11,
14 2004, and notes show that plaintiff's medication was increased because she looked depressed
15 (Tr. 387).  The treatment notes were not inconsistent with the May 4, 2005 RFC assessment.  In
16 light of the evidence in the record, the ALJ failed to give legitimate reasons for rejecting Dr.
17 Buckley's assessment.  See Lester, 81 F.3d at 830-831.  The court concluded that the ALJ
18 improperly rejected the treating physician's RFC assessment; this therefore requires a finding
19 that there is not substantial evidence to support the ALJ's RFC finding.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

8

IV. <u>Conclusion</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted.

2. This case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration of whether plaintiff's severe mental impairments meet or equal a listing and a determination (if needed) of whether plaintiff retains the residual functional capacity to perform work in the economy.

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 27, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

9